

RALPH MARTINEZ
CDC #V-64613
P. O. Box 5002
Calipatria, CA 92233

Plaintiff, in pro per

2354    1983

FILING FEE PAID
Yes ___ No ✓

IFP MOTION FILED
Yes ___ No ✓

COPIES SENT TO
Court ✓  ProSe ___

**FILED**

MAR 2 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

RALPH MARTINEZ, et. al.,

      Plaintiff,

vs.

ARNOLD SCHWARZENEGGER, Governor, JAMES TILTON, Secretary of the Department of Corrections and Rehabilitation, LARRY E. SCRIBNER, Warden, Calipatria State Prison, J. BUILTEMAN, Associate Warden, Calipatria State Prison, T. BOREM, Correctional Sergeant, Calipatria State Prison

      Defendants.

Case No.: **'08  CV 0565 BEN CAB**

**CLASS ACTION**

**COMPLAINT UNDER THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT [42 U.S.C. § 2000cc Et. Seq.] AND THE CIVIL RIGHTS ACT [42 U.S.C. § 1983]; POINTS AND AUTHORITIES.**

    This is a civil class action for declaratory and injunctive relief to redress continuing violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA) codified in Title 42 U.S.C. § 2000cc et. seq., and to redress the continuing deprivation of rights secured by the First Amendment to the United States Constitution and Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and § 1343 and 42 U.S.C. § 1983 and § 2000cc-2.

## PARTIES

    1.    Plaintiff Ralph Martinez is a prisoner in the custody of the State of California Department of Corrections and Rehabilitation and incarcerated at Calipatria State Prison at 7018 Blair Road, Calipatria, California.  He is an enrolled member of the Soboba Band of Luseno

CR

1 | Indians, a federally recognized tribe of Native Americans. His mailing address is P.O. Box 5002,

2 | Calipatria, California 92233.

3 |     2.      Defendant Arnold Schwarzenegger is the Governor of the State of California. He

4 | is the chief executive officer of the State and has the ultimate authority over the operations and

5 | policies of the California Department of Corrections and Rehabilitation. Defendant's current

6 | office is in Sacramento County, California, at State Capitol Building, 1st Floor, Sacramento,

7 | California 95814. He is sued individually and in his official capacity.

8 |     3.      Defendant James Tilton is the Secretary of the California Department of

9 | Corrections and Rehabilitation. He was appointed by the Governor, Plaintiff Arnold

10 | Schwarzenegger, and is the chief administrative officer of the California Department of

11 | Corrections and Rehabilitation (hereinafter "CDCR") which maintains and administers, and has

12 | under its control all correctional institutions and their prisoners in the State of California.

13 | Defendant's current office is in Sacramento County, California, at State Capitol Building,

14 | Sacramento, California 95814. His mailing address is P.O. Box 942883, Sacramento, California

15 | 94283-0001. He is sued individually and in his official capacity.

16 |     4.      Defendant Larry E. Scribner is the Warden of Calipatria State Prison and is

17 | responsible for the administration of the prison and the custody of prisoners incarcerated therein.

18 | Defendant's current office is in Imperial County, California, at 7018 Blair Road, Calipatria,

19 | California, 92233. He is sued individually and in his official capacity.

20 |     5.      Defendant J. Builteman is the Associate Warden of Calipatria State Prison and is

21 | responsible for the administration of religious and spiritual services for prisoners incarcerated at

22 | Calipatria State Prison. His current office is in Imperial County, California, at 7018 Blair Road,

23 | Calipatria, California, 92233. He is sued individually and in his official capacity.

24 |     6.      Defendant T. Borem is a Correctional Sergeant at Calipatria State Prison and is

25 | assigned to Receiving and Release ("R&R"), with the responsibility for the administration of the

26 | receipt and processing of all spiritual and religious materials for prisoners incarcerated at

27 | Calipatria State Prison. His current office is in Imperial County, California, at 7018 Blair Road,

28 | Calipatria, California, 92233. He is sued individually and in his official capacity.

1   22.   Defendants' imposition of regulations denying personal access and possession of

2   sacred tobacco has also resulted in the denial of all of Plaintiffs' prayers and offerings for lengthy

3   and extended periods of time during prison lockdowns.  Calipatria State Prison was on lockdown

4   from August 2005 through June 2006, and all Sacred Sweat Lodge ceremonies were suspended.

5   Plaintiffs have been denied all access to sacred tobacco necessary for prayer and offerings during

6   lockdowns in which no Sacred Sweat Lodge ceremonies were permitted.

7   23.   In addition to lengthy lockdown periods, prison staff frequently cancel the Sacred

8   Sweat Lodge ceremonies for purely operational reasons, thus denying Plaintiffs access to sacred

9   tobacco for prayer and offering for multiple weeks at a time.  The Sacred Sweat Lodge was

10  canceled due to shortages of prison staff for all Plaintiffs housed on Facility 'B' at Calipatria State

11  Prison on; June 11th, June 18th, July 2nd, July 30th, August 20th, September 3rd, December 24th and

12  December 31st, 2006, as well as February 4th, September 9th, and December 9th, 2007.

13  24.   Plaintiff Martinez asserts and alleges, based upon good faith belief, that Plaintiffs

14  housed on other facilities at Calipatria State Prison have also had their Sacred Sweat Lodge

15  ceremony canceled for operational reasons, in a similar mann r as has occurred on Facility B.

16  25.   Defendants' policy of restricting Plaintiffs' use of tobacco in prayer and offering to

17  weekly ceremonies, and the continuing cancellation of such ceremonies, imposes a substantial

18  deprivation of Plaintiffs' exercise of their spiritual beliefs, and denies Plaintiffs a central daily

19  sacrament of their religious practice and spiritual growth.

20  26.   Defendants' actions, and current prison regulations, are in violation of the

21  Religious Land Use and Institutionalized Persons Act (RLUIPA).  42 U.S.C. § 2000cc et. seq.

22  Current prison regulations create a substantial burden against Plaintiffs' free exercise of their

23  religious beliefs, and the regulations imposed are not the least restrictive manner in which to

24  control the use of tobacco and other herbs within the institution.

25  27.   Defendants' actions, and current prison regulations, are in violation of the First and

26  Fourteenth Amendments to the United States Constitution.  Plaintiffs are being denied the free

27  exercise of their religious beliefs, and the equal protection of the law.  No other group of spiritual

28

6

22.     Defendants' imposition of regulations denying personal access and possession of sacred tobacco has also resulted in the denial of all of Plaintiffs' prayers and offerings for lengthy and extended periods of time during prison lockdowns. Calipatria State Prison was on lockdown from August 2005 through June 2006, and all Sacred Sweat Lodge ceremonies were suspended. Plaintiffs have been denied all access to sacred tobacco necessary for prayer and offerings during lockdowns in which no Sacred Sweat Lodge ceremonies were permitted.

23.     In addition to lengthy lockdown periods, prison staff frequently cancel the Sacred Sweat Lodge ceremonies for purely operational reasons, thus denying Plaintiffs access to sacred tobacco for prayer and offering for multiple weeks at a time. The Sacred Sweat Lodge was canceled due to shortages of prison staff for all Plaintiffs housed on Facility 'B' at Calipatria State Prison on; June 11th, June 18th, July 2nd, July 30th, August 20th, September 3rd, December 24th, and December 31st, 2006, as well as February 4th, September 9th, and December 9th, 2007.

24.     Plaintiff Martinez asserts and alleges, based upon good faith belief, that Plaintiffs housed on other facilities at Calipatria State Prison have also had their Sacred Sweat Lodge ceremony canceled for operational reasons, in a similar mann·r as has occurred on Facility B.

25.     Defendants' policy of restricting Plaintiffs' use of tobacco in prayer and offering to weekly ceremonies, and the continuing cancellation of such ceremonies, imposes a substantial deprivation of Plaintiffs' exercise of their spiritual beliefs, and denies Plaintiffs a central daily sacrament of their religious practice and spiritual growth.

26.     Defendants' actions, and current prison regulations, are in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C. § 2000cc et. seq. Current prison regulations create a substantial burden against Plaintiffs' free exercise of their religious beliefs, and the regulations imposed are not the least restrictive manner in which to control the use of tobacco and other herbs within the institution.

27.     Defendants' actions, and current prison regulations, are in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are being denied the free exercise of their religious beliefs, and the equal protection of the law. No other group of spiritual

6

1    believers at Calipatria State Prison is being denied the ability to pray and offer thanksgiving daily

2    in accordance with their spiritual beliefs.

3         28.    Plaintiffs have fully exhausted their administrative remedies for the issues raised

4    herein. Plaintiffs filed an Administrative Inmate Appeal which has been denied at the "Director's

5    Level" of review. Plaintiffs do not have any other administrative remedy to redress the ongoing

6    violation of Plaintiffs' rights to the free exercise of their religious and spiritual beliefs.

7

8    **COUNT II**

9         1-17.    Plaintiffs allege and incorporate paragraphs 1 through 17 in Count I above, as if

10    fully set forth herein as Count II.

11         18.    Plaintiffs hold the Sacred Sweat Lodge ceremony as a core rite of purification and

12    spiritual healing, guidance and spiritual growth. The Sacred Sweat Lodge ceremony is a

13    congregate gathering that must be held with other practitioners of the Native American Indian

14    spiritual beliefs.

15         19.    Smoking of the Sacred Pipe using kinnikinnick and tobacco is a core part of the

16    Sacred Sweat Lodge ceremony for coming closer to the Great Spirit.

17         20.    Certain spiritual materials and artifacts are necessary for Plaintiffs' conducting of

18    the Sacred Sweat Lodge ceremony, including but not limited to, a Sacred Pipe, eagle feathers,

19    buffalo skull, deer skull, antlers, drums, tobacco, sage, sweetgrass, kinnikinnick and other sacred

20    herbs.

21         21.    Prison regulations imposed by Defendants require that all sacred tobacco necessary

22    for performing the Sacred Sweat Lodge ceremony be maintained and stored in a secured locker

23    located within the Central Control complex.

24         22.    Prison regulations imposed by Defendants restrict all access to the sacred tobacco

25    for the Sweat Lodge ceremony to the prison Chaplain, or a Native American Spiritual Leader

26    (NASL). Plaintiffs are not allowed access to their sacred tobacco without the specific presence of

27    the Chaplain or NASL.

28

29.     Plaintiffs have fully exhausted their administrative remedies for the issues raised herein.  Plaintiffs filed an Administrative Inmate Appeal which has been denied at the "Director's Level" of review.  Plaintiffs do not have any other administrative remedy to redress the ongoing violation of Plaintiffs' rights to the free exercise of their religious and spiritual beliefs.

**GROUND III**

1-22.    Plaintiffs allege and incorporate paragraphs 1 through 17 in Count I and paragraphs 18 through 22 of Ground II, as if fully set forth herein in Count III.

23.     Plaintiffs' religious practices hold that certain days are sacred, including, the Full Moon, New Moon, Summer and Winter Solstices (June and December), and Spring and Fall Equinoxes (March and September).  Plaintiffs' spiritual beliefs hold that Plaintiffs must gather amongst practitioners of the Native American Spiritual beliefs to celebrate these sacred days.

24.     Plaintiffs' spiritual practices hold that they must conduct a gathering together with the wider Native American Indian community for an annual celebration of the harvest, commonly referred to as the Pow-Wow.  This communal ceremony is to be held in the outdoors in the presence of nature, not inside of enclosed buildings.

25.     Prison policies enacted by Defendants establish an employee and/or volunteer position at Calipatria State Prison for a Native American Spiritual Leader (NASL), who is to be responsible for the coordination and conducting of Plaintiffs' religious practices, supplies and ceremonies.

26.     Prison regulations imposed by Defendants require that all ceremonies for the Pow-Wow, Solstices and Equinoxes must be requested in writing by the NASL, and that approval of these services must require the signature of the Warden, Plaintiff Scribner.

27.     Calipatria State Prison does not have a Native American Spiritual Leader, either as an employee or as a non-official volunteer.  Defendants have refused to appoint a NASL even in light of the Defendants imposition of regulations requiring a NASL to conduct Plaintiffs' spiritual ceremonies.

9

28.    Defendants' refusal to appoint a NASL in compliance with prison regulations continues to deny Plaintiffs the ability to conduct sacred ceremonies essential to their spiritual beliefs, and creates a substantial deprivation of Plaintiffs' exercise of their spiritual practices. Defendants' are effectively denying Plaintiffs the ability to celebrate the Pow-Wow, Solstices and Equinoxes through the imposition of regulations that are impossible to satisfy without the appointment of a NASL.

29.    Defendants imposition of prison regulations requiring the functions of a NASL in order for Plaintiffs to conduct sacred ceremonies, and then failing and/or refusing to appoint a qualified individual to such NASL position is unduly denying Plaintiffs the free exercise of their spiritual practices.

30.    Defendants' prison regulations also prohibit the NASL and/or Chaplain from coordinating the supply of food to be consumed at communal spiritual services, unduly requiring Plaintiffs to break away from their spiritual commune with nature and to hold portions of their sacred ceremonies inside of enclosed buildings.

31.    Defendants' actions, and current prison regulations, are in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA).  42 U.S.C. § 2000cc et. seq. Current prison regulations create a substantial burden against Plaintiffs' free exercise of their religious beliefs, and the regulations imposed are not the least restrictive manner in which to permit Plaintiffs to conduct ceremonies sacred to their spiritual practices.

32.    Defendants' actions, and current prison regulations, are in violation of the First and Fourteenth Amendments to the United States Constitution.  Plaintiffs are being denied the free exercise of their religious beliefs, and the equal protection of the law.  No other group of spiritual believers at Calipatria State Prison is being denied the benefit of a spiritual leader and/or chaplain, or is being denied the ability to conduct ceremonies core to their spiritual beliefs.

33.    Plaintiffs have fully exhausted their administrative remedies for the issues raised herein.  Plaintiffs filed an Administrative Inmate Appeal which has been denied at the "Director's Level" of review.  Plaintiffs do not have any other administrative remedy to redress the ongoing violation of Plaintiffs' rights to the free exercise of their religious and spiritual beliefs.

10

**GROUND IV**

1-27.    Plaintiffs allege and incorporate paragraphs 1 through 17 in Count I, paragraphs 18 through 22 in Count II, and paragraphs 23 through 27 in Count III, as if fully set forth herein in Count IV.

28.    Plaintiffs' spiritual beliefs are derived from tribal life and communal teachings. The spiritual practices of Plaintiffs are inseparable from their cultural and tribal bonds, as well as their reverence for the sacred manifestations of nature.

29.    A central element of Plaintiffs' spiritual beliefs is a reverence for nature and the collection of sacred manifestations of nature from Mother Earth.  Plaintiffs' religious practices hold special reverence for sacred items that are collected from nature and shared amongst practitioners by the Native American Indian tribal community.

30.    Plaintiffs' beliefs hold that the sacred items, artifacts, and herbs necessary for prayer, offerings, and sacred ceremonies should be collected directly from nature and provided to each other through the tribal community.

31.    Prison regulations imposed by Defendants unduly prohibit Plaintiffs from obtaining sacred materials from the Native American Indian tribal community, and restrict all purchases of sacred artifacts and herbs to a selected few commercial vendors.

32.    Defendants are unduly denying Plaintiffs the ability to obtain donated sacred blessed spiritual materials from the Native American Indian tribal community in accordance with Plaintiffs' religious and spiritual practices.

33.    Defendants' prison regulations are unduly refusing to allow Plaintiffs to receive "spiritual" packages from the Native American Indian community, even though all packages received by inmates are subject to search for contraband, whether received from a vendor or from the tribal community.

34.    Defendants' refusal to allow the receipt of "spiritual" packages from the Native American Indian community is denying Plaintiffs an essential element of their spiritual practices,

1   in that manifestations of nature are sacred gifts that should be gathered with reverence and shared

2   amongst the spiritual practitioners.

3        35.    Defendants' actions, and current prison regulations, are in violation of the

4   Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C. § 2000cc et. seq.

5   Current prison regulations create a substantial burden against Plaintiffs' free exercise of their

6   religious beliefs, and the regulations imposed are not the least restrictive manner in which to

7   permit Plaintiffs to obtain sacred materials central to their spiritual beliefs.

8        36.    Defendants' actions, and current prison regulations, are in violation of the First and

9   Fourteenth Amendments to the United States Constitution. Plaintiffs are being denied the free

10  exercise of their religious beliefs.

11       37.    Plaintiffs have fully exhausted their administrative remedies for the issues raised

12  herein. Plaintiffs filed an Administrative Inmate Appeal which has been denied at the "Director's

13  Level" of review. Plaintiffs do not have any other administrative remedy to redress the ongoing

14  violation of Plaintiffs' rights to the free exercise of their religious and spiritual beliefs.

15

16  **GROUND V**

17       1-33.    Plaintiffs allege and incorporate paragraphs 1 through 17 in Count I, paragraphs 18

18  through 22 in Count II, paragraphs 23 through 27 in Count III, and paragraphs 28 through 33 in

19  Count IV, as if fully set forth herein in Count V.

20       34.    Plaintiffs' spiritual beliefs hold that the personal making of artifacts and crafts is a

21  central practice of healing and spiritual growth. The use of beads, leather and other materials are

22  essential to the creation of sacred tribal, communal and spiritual items. The creation of the artifact

23  or craft, including the spirit and energy put into making the object, give it its own unique power

24  that represents the spiritual/religious symbolism to his totem(s), tribal colors or tribal beliefs.

25       35.    In addition to prison regulations restricting the receipt of all of Plaintiffs' spiritual

26  materials through vendors, Defendant J. Builteman and Defendant T. Borem have arbitrarily

27  imposed more restrictive limitations on the total monetary value of each Plaintiffs' spiritual

28  packages.

36.     Defendants Builteman and Borem have set a maximum value of two hundred dollars ($200.00) for Plaintiffs' spiritual packages, which may only be received no greater than once per quarter. This limitation on the total value of spiritual items imposes a significant burden upon the exercise of Plaintiffs' religious beliefs, and fails to consider the relatively high cost of purchasing very use-specific religious materials.

37.     Defendants Builteman and Borem have also set arbitrary restrictions on the specific colors of materials that may be obtained through Plaintiffs' religious packages. For example, Defendants are refusing to allow the Plaintiffs to purchase red and blue beads and other materials with these colors.

38.     The monetary and color-based restrictions on Plaintiffs receipt of spiritual packages impose a significant burden upon the exercise of Plaintiffs' religious beliefs. Plaintiff's are being denied the ability to purchase materials because of the disproportionate cost of such items from prison-designated vendors, as well as denied access to sacred materials that have colors bearing tribal and spiritual significance.

39.     The limitations imposed by Defendants Builteman and Borem, and current prison regulations, are in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C. § 2000cc et. seq. Current prison regulations create a substantial burden against Plaintiffs' free exercise of their religious beliefs, and the regulations imposed are not the least restrictive manner in which to permit Plaintiffs to obtain sacred materials central to their spiritual beliefs.

40.     Defendants' actions, and current prison regulations, are in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are being denied the free exercise of their religious beliefs.

41.     Plaintiffs have fully exhausted their administrative remedies for the issues raised herein. Plaintiffs filed an Administrative Inmate Appeal which has been denied at the "Director's Level" of review. Plaintiffs do not have any other administrative remedy to redress the ongoing violation of Plaintiffs' rights to the free exercise of their religious and spiritual beliefs.

13

**PRAYER**

WHEREFORE, for all the above and foregoing Counts, Plaintiffs pray:

A.    That this Court declare that any further imposition of the statutes, codes, prison regulations and attendant restrictions complained of are violative of Plaintiffs' rights under the Religious Land Use and Institutionalized Persons Act, and the First and Fourteenth Amendments to the United States Constitution;

B.    That this Court issue a Preliminary and Permanent Injunction, enjoining Defendants, their agents, employs and successors from further imposing the statutes, codes, prison regulations and attendant restrictions complained of herein;

C.    That Plaintiffs be awarded costs and attorney's fees for this action;

D.    For such other and further relief as this Court deems just and necessary.

Respectfully submitted this 20ᵗʰ day of _MARCH_____, 2008, at Calipatria State Prison, Imperial County, California.

RALPH MARTINEZ, Plaintiff

14

1

## POINTS AND AUTHORITIES

2

3    **I.    Religious Land Use and Institutionalized Persons Act:**

4        The Religious Land Use and Institutionalized Persons Act ("RLUIPA") is codified in Title

5    42 of the United States Code, Section 2000cc et seq.  Specifically, RLUIPA sets forth that:

6        "No government shall impose a substantial burden on the religious exercise of a person
         residing in or confined to an institution, as defined in section 1997 of this title, even if the
7        burden results from a rule of general applicability, unless the government demonstrates
         that imposition of the burden on that person – (1) is in furtherance of a compelling
8        governmental interest; and (2) is the least restrictive means of furthering that compelling
         governmental interest." 42 U.S.C. § 2000cc-1(a).

9

10       The provisions of the act are applicable to any case in which "the substantial burden is

11   imposed in a program or activity that receives Federal financial assistance, or . . . the substantial

12   burden affects, or removal of that substantial burden would affect, commerce with . . . Indian

13   Tribes." 42 U.S.C. § 2000cc-1(b)(1) and (2).  An institutionalized person may "assert a violation

14   of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a

15   government." 42 U.S.C. § 2000cc-2(a).

16       "To assert a claim under RLUIPA, plaintiffs must produce 'prima facie evidence to support

17   a claim alleging a violation of the free exercise clause.' [citation]  The government, however,

18   'shall bear the burden of persuasion on any element of the claim, except that plaintiff shall bear the

19   burden of persuasion on whether the law (including a regulation) or government practice that is

20   challenged by the claim substantially burdens the plaintiff's exercise of religion'." *Mayweathers*

21   *v. Terhune*, 328 F.Supp.2d 1086, 1093 (E.D.Cal 2004) (quoting 42 U.S.C. §2000cc-2(b)

22       Religious exercise under RLUIPA "includes any exercise of religion, whether or not

23   compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).  The courts

24   must construe the exercise of religion and the provisions of RLUIPA "in favor of a broad

25   protection of religious exercise, to the maximum extent permitted by the terms of this chapter and

26   the Constitution." 42 U.S.C. § 2000cc-3(g).

27       "RLUIPA thus protects institutionalized persons who are unable to freely attend to their

28   religious needs and are therefore dependent on the government's permission and accommodation

15

1    for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721, 125 S.Ct. 2113, 161

2    L.Ed.2d 1020 (2005).

3

4    II.    **The First and Fourteenth Amendments to the United States Constitution and the**

5    **Civil Rights Act.**

6         The government must "make no law respecting an establishment of religion, or prohibiting

7    the free exercise thereof." U.S. Constitution, Amendment I. "No state shall make or enforce any

8    law which shall abridge the privileges or immunities of citizens of the United States . . . nor deny

9    to any person within its jurisdiction the equal protection of the laws." U.S. Constitution,

10   Amendment XIV.

11        "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

12   any State . . . subjects, or causes to be subjected, any citizen of the United States or other person

13   within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

14   by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity,

15   or other proper proceedings for redress." 42 U.S.C. § 1983.

16        "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is

17   valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78,

18   89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

19

20   Respectfully submitted this 20ᵗᴴ day of _MARCH_, 2008 at Calipatria State Prison,

21   Imperial County, California.

22

23                                RALPH MARTINEZ, Plaintiff

24

25

26

27

28

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

MAR 2 6 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

**FILING FEE PAID**
Yes     No

**IFP MOTION FILED**
Yes     No

**COPIES SENT TO:**
Court     Pro Se

## I (a) PLAINTIFFS

**Ralph Martinez**

## DEFENDANTS

**Schwarzenegger, et al**

(b) COUNTY OF RESIDENCE OF FIRST LISTED **Imperial**
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Ralph Martinez
PO Box 5002
Calipatria, CA 92233
V-64613**

ATTORNEYS (IF KNOWN)

**'08 CV 0565 BEN CAB**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question
  (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 42 U.S.C. 1983

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act, | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE                                        Docket Number

DATE     3/25/2008

SIGNATURE OF ATTORNEY OF RECORD

*R Mull*

CR