1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8          SOUTHERN DISTRICT OF CALIFORNIA
9
10   RALPH MARTINEZ,                              CASE NO. 08cv0565 BEN (CAB)

11                              Plaintiff,        **ORDER DENYING MOTION FOR
                                                  LEAVE TO FILE A FOURTH
12        vs.                                     AMENDED COMPLAINT**

13   ARNOLD SCHWARZENEGGER, *et al.*,             [Dkt. No. 106]

14                              Defendants.

15

16        Plaintiff Ralph Martinez has filed a motion for leave to file a Fourth Amended Complaint

17   adding five new Plaintiffs to address the possibility that Plaintiff's claims may become moot if his

18   inmate classification changes.  (Dkt. No. 106.)  Defendants oppose the motion, emphasizing

19   Plaintiff's three prior opportunities to amend, his knowledge of the need for this amendment since

20   the inception of the litigation, his undue delay in seeking amendment, and the prejudice to

21   Defendants from amendment.  (Dkt. No. 111.)  For the reasons discussed below, Plaintiff's motion

22   for leave to file a Fourth Amended Complaint is **DENIED**.

23                              **BACKGROUND**

24        Plaintiff filed his initial complaint on March 25, 2008.  On September 12, 2008, six months

25   after the case was filed and following an Order to Show Cause why the case should not be

26   dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff filed a

27   First Amended Complaint.  (Dkt. Nos. 5-6.)  On December 19, 2008, the Court granted Plaintiff

28   leave to file a Second Amended Complaint.  (Dkt. No. 12.)  On February 23, 2009, the Court

1   granted Plaintiff leave to file a Third Amended Complaint.  (Dkt No. 17.)

2          The deadline to add parties, amend the pleadings, or to file additional pleadings was August

3   28, 2009.  (Court's August 3, 2009 Case Management Conference Order Regulating Discovery and

4   Other Pretrial Proceedings.)  The parties sought and obtained three extensions of the other

5   deadlines in the Court's scheduling order.  However, the parties never sought to extend the

6   deadline to amend the pleadings.  (Dkt. Nos. 33-34, 39, 42, 48.)  Plaintiff's motion for leave to file

7   a Fourth Amended Complaint was filed on August 29, 2011, two years and one day after the

8   deadline to amend the pleadings.

9          On January 18, 2011, Plaintiff received his annual review before a Unit Classification

10  Committee.  He remains a Level IV inmate and expects to receive his next annual review in

11  January 2012.

12                                          **DISCUSSION**

13         Plaintiff moves to amend pursuant to Federal Rule of Civil Procedure 15(a) to file a Fourth

14  Amended Complaint, but acknowledges he must show good cause to modify the scheduling order

15  pursuant to Federal Rule of Civil Procedure 16.

16  **I.      Federal Rule of Civil Procedure 16**

17         When a plaintiff seeks to amend after the time specified in a scheduling order, Federal Rule

18  of Civil Procedure 16 applies and a plaintiff "must show good cause for not having amended . . .

19  before the time specified in the scheduling order expired."  *Coleman v. Quaker Oats Co.*, 232 F.3d

20  1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09

21  (1992) ("Once the district court filed a pretrial scheduling order pursuant to Federal Rule of Civil

22  Procedure 16 which established a timetable for amending pleadings that rule's standard

23  controlled.").  This higher standard "primarily considers the diligence of the party seeking the

24  amendment."  *Coleman*, 232 F.3d at 1294.  "The district court may modify the pretrial schedule 'if

25  it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson*,

26  975 F.2d at 609 (quoting Advisory Committee Notes to Rule 16).  Plaintiff's request is initially

27  subject to the higher Rule 16 standard because the request was made more than two years after the

28  August 28, 2009 deadline set by this Court for amendment of the pleadings, but, as discussed

1   below, Plaintiff has also failed to meet the Rule 15 standard.

2       Plaintiff has not demonstrated his diligence.  The only justification offered for Plaintiff's

3   proposed amendment two years after the deadline for amendment of the pleadings is avoiding the

4   possibility that Plaintiff's claims might become moot if he is reduced from a Level IV to a Level III

5   inmate.  But, Plaintiff knew that his classification could change and that a classification change

6   might impact the viability of his claims.  As Plaintiff acknowledges in his motion, "[i]n prior

7   filings, Martinez raised the likelihood of his claims being rendered moot due to a possible

8   transfer."  (Pl. Mot. for Leave to File a Fourth Am. Compl. 2.)  This possibility is not new

9   information.  Plaintiff's reliance on his January 18, 2011 classification review as new information

10  is not persuasive.  First, Plaintiff's January 18, 2011 review did not reclassify him.  Rather,

11  Plaintiff acknowledges that any classification change that might occur would not happen until

12  January of 2012, and that itself is speculation.  Second, to the extent the review suggests his

13  classification may change in 2012, it simply confirms what Plaintiff should have known since the

14  inception of this litigation and Plaintiff had relied on in prior filings before the Court — Plaintiff's

15  inmate classification could change.

16      Plaintiff knew that his status might change and that the change could impact his claims

17  long before this motion was filed, but he failed to act on that knowledge until three years into the

18  case and two years beyond the Court's deadline for amending the pleadings.  Plaintiff has not

19  demonstrated that he has acted with sufficient diligence to justify modification of the Court's

20  scheduling order to allow the filing of a Fourth Amended Complaint two years after the deadline to

21  amend the pleadings.  *See Coleman*, 232 F.3d at 1294; *Johnson*, 975 F.2d at 608-09.

22  **II.     Federal Rule of Civil Procedure 15**

23      Although Rule 16, rather than Rule 15, applies because "a pretrial scheduling order . . .

24  established a timetable for amending the pleadings, and the deadline . . . expired before [Plaintiff]

25  moved to amend," *Coleman*, 232 F.3d at1294, Plaintiff would also not be entitled to amend under

26  Rule 15 because it constitutes sufficient undue delay.  *See Moore v. Kayport Package Express,*

27  *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)*.

28  ///

1   Under Rule 15, "[t]he court should freely give leave to amend when justice so requires."

2   Whether "justice so requires" depends on "the presence or absence of undue delay, bad faith,

3   dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment."

4   *Id.*

5   As discussed above, Plaintiff's decision to wait years to seek amendment on a basis known

6   to Plaintiff since this litigation began constitutes significant undue delay.  Plaintiff "knew or

7   should have known the facts and theories raised by the amendment" prior to any of his other three

8   amendments.  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006)

9   (considering undue delay and affirming denial of leave to amend even when sought within the

10  deadlines set in the scheduling order).  Delaying amendment more than two years is simply

11  unreasonable.  *AmerisourceBergen*, 465 F.3d at 953 ("We have held that an eight month delay

12  between the time of obtaining a relevant fact and seeking leave to amend is unreasonable.").

13  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (finding late amendments based on an issue

14  known to the party are viewed with disfavor).

15  Additionally, Plaintiff's three prior amendments weigh against granting leave to amend.  *Id.*

16  (finding the Court's "discretion over amendments especially broad where the court has already

17  given plaintiff one or more opportunities to amend his complaint"); *see also Mir v. Fosburg*, 646

18  F.2d 342, 347 (9th Cir. 1980) ("[A] district court has broad discretion to grant or deny leave to

19  amend, particularly where the court has already given a plaintiff one or more opportunities to

20  amend his complaint to allege federal claims.").  Accordingly, even if Plaintiff demonstrated the

21  requisite good cause to justify modification of the Court's scheduling order under Rule 16, Plaintiff

22  would not be entitled to amend under Rule 15 because of the presence of significant undue delay.

23  ### CONCLUSION

24  Plaintiff's motion for leave to amend is **DENIED**.

25  **IT IS SO ORDERED.**

26  **DATED:  September 26, 2011**

27

28
                                                      _____
                                                      **Hon. Roger T. Benitez**
                                                      **United States District Judge**